UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                   :
                                            :
         v.                                 :     **MEMORANDUM & ORDER**
                                            :     20-CR-297 (WFK)
MICHAEL RIVERA,                             :
                                            :
                    Defendant.              :
---------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**
On April 21, 2021, Defendant pled guilty pursuant to a plea agreement to the sole count of the Indictment in this case charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to thirty (30) months of incarceration followed by two (2) years of supervised release, no fine, and a $100.00 mandatory special assessment.

## BACKGROUND

On April 21, 2021, Defendant pled guilty pursuant to a plea agreement to the sole count of the Indictment in this case charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a).

## DISCUSSION

**I.     Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

**II.    Analysis**

      **A.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

      i.    <u>History and Characteristics of the Defendant</u>

Defendant was born on November 8, 1987, in Brooklyn, New York to the non-marital union of Ruben Cortez and Minerva Rivera. *See* Presentence Investigation Report ("PSR") ¶ 38, ECF No. 16. Defendant has had no contact with his father, but his mother, employed as a part-time home care attendant, is aware of Defendant's arrest in this case and is supportive. *Id.* Defendant has one maternal half-brother with whom he had sporadic contact prior to the instant arrest, and with whom he has had no contact since. *Id.* ¶ 39. Defendant has never been married, has no children, and is not currently in a relationship. *Id.* ¶ 42.

Defendant was raised under average economic circumstances by his maternal grandmother until age 12. *Id.* ¶ 40. Defendant's mother lived close by and she and the

grandmother shared the financial responsibilities for Defendant. *Id.* Defendant's basic needs were met consistently throughout his childhood and he reported no history of abuse. *Id.* At age 12, Defendant moved in with his mother, after she recovered from drug addiction. *Id.* ¶ 41. Defendant reported that their relationship was "rocky on and off," but his mother confirms she remains supportive of him. *Id.* Defendant and his mother resided together for ten years in a first floor, studio apartment. *Id.* She hopes he will return to her residence upon his release from custody. *Id.* With respect to her 911 call related to the instant arrest, she indicated that she called the police because she was concerned that Defendant would hurt himself. *Id.*

Defendant is currently healthy, and reports no history of chronic or serious health conditions, but currently reports symptoms of depression and anxiety. *Id.* ¶ 47–48. Defendant reported that he has used cocaine and marijuana and that he began consuming alcohol excessively after his release from state custody in August 2019. *Id.*

Defendant completed the 8th grade at Junior High School 227 Edward B. Shallow, in Brooklyn, New York. *Id.* ¶ 53. Defendant believes he was diagnosed with a learning disability, but he is unsure the specifics of his diagnosis. *Id.* ¶ 54. Defendant worked previously completing off-the-books construction ,demolition jobs; prior to his time in state custody between 2013 and 2019, he completed off-the-books demolition jobs, as well as off-the-and roofing jobs. *Id.* ¶ 57. He has otherwise always been unemployed and financially supported by his mother and his grandmother. *Id.* ¶ 57.

Defendant has a long criminal history. Defendant has seven prior adult convictions, dating to 2009, when he was 21 years old. *See* PSR ¶¶ 22–28. These include burglary, criminal possession of a controlled substance in the fifth degree, and attempted rape in the second degree

3

*Id*. Furthermore, Defendant has performed poorly on supervised release and his parole was revoked three times. *Id*. While incarcerated in the state system, Defendant had four disciplinary infractions. *Id*. He has also had three orders of protection issued against him, which he violated at least once in August 2020. *Id*. Defendant's pattern of non-compliance has continued during his time at the MDC. *Id*. On May 20, 2021, he was charged with possessing a dangerous weapon. *Id*. More recently, on October 15, 2021, he was charged with possessing a dangerous tool and destroying or disposing of an item during a search. *Id*.

      ii.    <u>Nature and Circumstances of the Offense</u>

On April 29, 2020, at approximately 3:50 P.M., Defendant's mother called 911 from her neighbor's apartment, and New York City Police Department ("NYPD") officers responded to her residence at 332 42nd Street, in Brooklyn, New York. *Id*. ¶ 3. She reported that Defendant was intoxicated and argued with her, and during the argument, he grabbed her cellphone out of her hand and threw it to the floor, causing it to break. *Id*. Defendant was no longer at the residence when the NYPD officers arrived, but a report was taken and the damage to the cellphone was documented. *Id*.

At approximately 5:15 P.M. that same day, hospital security at Lutheran Medical Center, located at 150 55th Street, in Brooklyn, New York, called 911 and reported the following: Defendant was injured in a bicycle accident and brought to the hospital. *Id*. ¶ 4. He was treated by staff, and upon recovering and inventorying his personal property for safekeeping, it was discovered that his backpack contained ammunition and controlled substances. *Id*. Additionally, Defendant was acting intoxicated and erratic. *Id*. NYPD officers were notified and responded to the hospital. *Id*.

4

Defendant's backpack was recovered by the responding NYPD officers and confirmed to contain the following: ten assorted cellphones, two ziplock bags of cocaine, one small jar of cocaine, one ziplock bag of marijuana, and two 9mm magazines containing six rounds of ammunition each. *Id*. ¶ 5. Defendant was arrested by NYPD officers and subsequently interviewed on April 30, 2020, when he stated that he did demolition and found things on the floor and puts them in his backpack. *Id*. ¶ 6. He stated that he found the drugs and paraphernalia and put them in his backpack. *Id*. He also stated that he found the ammunition and was not sure if it was real, but he kept it. *Id*. He admitted that he had argued with his mother. He was released on his own recognizance in connection with the local charges. *Id*.

Upon review of Defendant's criminal history, NYPD referred the case to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") through the EDNY Triggerlock Nexus program for forensic analysis and potential federal prosecution. *Id*. ¶ 7. On August 4, 2020, a special agent with ATF conducted a forensic examination on the twelve rounds of ammunition recovered from Defendant's backpack. *Id*. The ammunition was determined to be 9mm ammunition manufactured by Speer Products Co. in the State of Idaho. *Id*. On August 12, 2020, ATF agents arrested Defendant. He was charged in this case and remanded to federal custody. *Id*.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

5

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

On April 21, 2021, Defendant pled guilty pursuant to a plea agreement to the sole count of the Indictment in this case charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). For the sole count of the Indictment, the maximum term of imprisonment is ten (10) years. 18 U.S.C. § 924(a)(2).

The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). The maximum fine is $250,000.00. 18 U.S.C. § 3571(b); and Defendant must pay a mandatory special assessment of $100.00, 18 U.S.C. § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id*. § 3553(a)(4)(A). The Guideline for 18 U.S.C. § 922(g)(1) offenses is USSG §2K2.1. That section provides a base offense level of 14 since Defendant was a prohibited person at the time he committed the instant offense, due to his prior felony convictions. USSG §2K2.1(a)(6). Additionally, Defendant has

6

demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).

Thus, Defendant's total adjusted offense level is twelve (12). Defendant has a criminal history score of 11. PSR ¶ 29. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 11 establishes a criminal history category of V. *Id.* ¶ 30. Based upon a total offense level of 12 and a criminal history category of V, the guideline imprisonment range is 27 months to 33 months.

Probation recommends a sentence of 30 months of imprisonment followed by two years of supervised release with special conditions. The Government recommends a Guidelines sentence. Defense counsel asks the Court for a modest downward variance due to the particularly harsh conditions of incarceration caused by the COVID-19 pandemic.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

At the time of Defendant's April 29, 2020 arrest by NYPD, Defendant was not only in possession of ammunition, as charged in the instant case, but also of quantities of cocaine and marijuana. The local charges were not pursued in light of the instant federal prosecution, but the drugs possessed were not accounted for in the instant guideline calculation. This additional criminal conduct was not factored into the guideline calculation but could be considered as grounds for an upward departure, pursuant to USSG §5K2.21 (Policy Statement). PSR ¶ 73.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

7

similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). This factor is not relevant in this case.

### CONCLUSION

A sentence of thirty (30) months of incarceration followed by two (2) years of supervised release, no fine, and a $100.00 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2021
      Brooklyn, New York